IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JASON DEAN SHORT,                                                                                       PLAINTIFF
ADC #551179

V.                                        4:20CV00375-BSM-JTK

BRIAN SHELTON, JR., et al.                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

Plaintiff is state inmate confined at the Varner Unit of the Arkansas Division of Correction (ADC), who was granted leave to proceed in forma pauperis in this 42 U.S.C. § 1983.

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

### II. Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief

may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

### III.   Facts and Analysis

Plaintiff complains about a disciplinary violation he received based on the discovery of contraband in an area where he worked. He claims the charge was false, that officials who investigated the actions were biased and violated ADC regulations, and that the conviction slandered his name and deprived him the opportunity of parole. He asks for damages for the violation of his Fourteenth Amendment rights.

The Court finds that this case falls within the context of Edwards v. Balisok, 520 U.S. 641 (1997), and Heck v. Humphrey, 512 U.S. 477 (1994).   In Balisok, the Court held that the plaintiff in that action could not pursue a section 1983 claim for declaratory relief and money damages based on allegations that prison officials used the wrong procedures in a disciplinary action which resulted in his loss of good time credits.  The Court held that even though plaintiff did not allege that the prison officials reached the wrong result in their proceedings, the nature of the challenge to the proceedings could be "such as necessarily to imply the invalidity of" those proceedings.  Id., 520 U.S. at 645.   The Court also held that its decision was not affected by the fact that plaintiff did not seek credit for the loss of good-time.  In the earlier case of Heck v. Humphrey, supra, the Supreme Court held that if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court.   See also Sheldon v. Hundley, 83 F.3d 231 (8th Cir. 1996).

In this particular case, Plaintiff challenges both the disciplinary procedures and the results in his complaint.  He specifically alleges that his due process rights were violated

because officials failed to adequately investigate the incident and lacked sufficient evidence to convict him, while acknowledging that the officers relied on informants' statements and evidence obtained. Although it is not clear whether Plaintiff lost good time, he asks for compensation for the loss of his parole, and he alleges that the charge was based on false evidence and statements. The Court finds a challenge to both the results and procedures used in the disciplinary hearing would necessarily imply the invalidity of the violation and resultant punishment.

In addition, since there is no constitutional or inherent right of a convicted person to parole, Plaintiff does not demonstrate denial of a federally-protected right, as required in 42 U.S.C. 1983 actions. Matters pertaining to the parole process are usually governed by state statute and therefore, are matters of state law, without questions of constitutional magnitude. State courts are the exclusive forum for resolving an inmate's challenge to the manner in which his parole eligibility date is determined. Wiggins v. Lockhart, 825 F.2d 1237, 1238 (8th Cir. 1987). The Arkansas Parole statute, ARK. CODE ANN. § 16-93-201-206 (LEXISNEXIS 2008), establishes only the possibility of parole. Nothing in the Arkansas statutes creates a right of an inmate to release on parole which would invoke due process protection. Robinson v. Mabry, 476 F.Supp. 1022, 1023 (E.D.AR 1979).

Plaintiff's allegations that he was slandered and that officials violated ADC regulations, also fail to support constitutional claims for relief. The United States Supreme Court held that defamation by a state or local official does not by itself violate rights protected by the federal constitution, in Paul v. Davis, 424 U.S. 693, 711-712 (1976). In addition, in Johnson v. Barker, the court stated that defamation is not actionable under §

1983 and that damage to reputation, standing alone, does not state a claim for relief, because reputation is "neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law." 799 F.2d 1396, 1399 (9th Cir. 1986). And, "the mere violation of a state law or rule does not constitute a federal due process violation." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992).

Therefore, the Court finds that Plaintiff's complaint should be dismissed pursuant to Heck, and Balisok, and that he may reassert his claim for damages in a subsequent § 1983 action if his disciplinary conviction is invalidated by a state tribunal or federal court. Accordingly,

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's complaint be DISMISSED without prejudice to his right to reassert his claim should his disciplinary be invalidated by a state tribunal or federal court.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

---

[1] The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." See Patton v. Jefferson Correctional Center, 136 F.3d 458, 462-64 (5th Cir. 1998).

IT IS SO ORDERED this 6th day of April, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE